VOELZ, Respondent, vs. SPENGLER, Appellant.

*February 5—May 20, 1941.*

622

For the appellant there were briefs by *Roy H. Morris* and *Edward J. Madler,* both of Clintonville, and oral argument by *Mr. Madler.*

*Clifford C. Mullarkey* of Clintonville, for the respondent.

The following opinion was filed March 11, 1941:

MARTIN, J. Defendant contends that the court erred in denying his motion for judgment notwithstanding the verdict, and in the alternative, for a new trial. The plaintiff contends that the court erred in holding that her second cause of action was barred by the six-year statute of limitations. The facts necessary to an understanding of these contentions are in substance as follows:

On February 27, 1926, defendant leased from the plaintiff's grantor certain real estate in the village of Tigerton on which was located a garage which contained certain equipment and personal property used in connection with the garage and included in the lease. The lease was for a period of five years, beginning May 1, 1926. It provided for the payment of an annual rental in equal monthly instalments. The equipment and articles of personal property in the garage, which were included in the lease, were specifically described. The lease contained the usual provisions to keep the property and premises leased in as good repair as same were at the commencement of the term, except for natural wear and tear thereon.

Prior to February 27, 1926, the garage in question was operated and known as the Tigerton Auto Company. Prior to this time defendant owned and operated a garage at Marion, Wisconsin. He operated same under the name of the Marion Motor Company. On March 8, 1926, he incorporated his garage business at Marion under the name of the Marion Motor Company, of which he became a stockholder, director, and president.

Defendant testified that after he obtained the lease of February 27, 1926, and prior to May 1st of that year, he trans-

ferred the lease to the Marion Motor Company, and that thereafter the garage at Tigerton was operated as a branch of the Marion Motor Company, and that on April 11, 1931, he caused to be incorporated the Tigerton Auto Company, of which he became a stockholder, director, and president. Defendant further testified that after the Tigerton Auto Company was incorporated, the Marion Motor Company assigned to it the lease of February 27, 1926.

The plaintiff testified that when the original five-year lease was about to expire she called on defendant at Tigerton and requested that a new lease be drawn; and that defendant replied that it would not be necessary to draw a new lease, that the old lease was still good. Defendant claims that on this occasion he informed the plaintiff that he had organized a corporation known as the Tigerton Auto Company. This the plaintiff denies.

All payments of rent accruing under the original lease and for the holdover periods were made by check issued in the name of the Tigerton Auto Company. The jury by its verdict as to the first cause of action found that neither the plaintiff nor her agent, H. C. Voelz, knew or should have known from the circumstances which came to the attention of either of them that defendant was not the plaintiff's tenant. After the expiration of the original lease the plaintiff considered and treated defendant as her tenant holding over from year to year until her garage was vacated on December 31, 1938. The first cause of action is for rent accruing for the period from December 31, 1938, to April 30, 1939, and for certain back rent which had accrued prior to December 31, 1938.

In support of his contention, that he was entitled to judgment notwithstanding the jury verdict, defendant argues that since he had transferred the original lease of February 27, 1926, to the Marion Motor Company before the effective date of said lease, to wit, May 1, 1926, that there was never any

privity of possession between the plaintiff and himself of the garage property and premises at Tigerton, that during the original period of five years there existed between the plaintiff and himself only privity of contract which terminated on April 30, 1931. However, in his answer defendant admits "that by virtue of said lease [the lease of February 27, 1926] the defendant entered into and took possession of the premises during the term thereof." It is also significant that in the defendant's answer to plaintiff's second cause of action he pleads a counterclaim in which he seeks to recover from the plaintiff the value of extensive repairs which he claims to have made to the building and premises during the term of the five-year lease.

Defendant does not claim that he took the necessary steps to protect himself from personal liability for the rent during the years that there was a holding over. He made no attempt to surrender possession of the leased premises and property to the plaintiff upon the expiration of the five-year lease on April 30, 1931, therefore, at the election of the plaintiff, he may be considered a tenant from year to year upon the terms of the original lease. Sec. 234.07, Stats., provides:

*"Tenant holding over is tenant from year to year; how tenancy ended.* If a tenant for a year or more shall hold over after the expiration of his term he may, at the election of his landlord, be considered a tenant from year to year upon the terms of the original lease. But such tenancy may be terminated at the end of any year after the expiration of said term by either party to said lease upon giving to the other party thereto a notice in writing, not less than thirty days prior to the date of such expiration, that he elects to terminate such lease at the end of such year."

Defendant argues that the Tigerton Auto Company, to whom the lease was assigned and who was in possession of the property and premises leased, is liable to the plaintiff for

the rent. That may be assumed, but it does not mean that the plaintiff cannot hold the defendant liable, since the jury has found upon credible evidence that neither plaintiff nor her agent knew or should have known, from anything which came to their attention, that defendant was not the tenant. Defendant puts much emphasis on the fact that the rent checks were issued in the name of the Tigerton Auto Company. This argument is not persuasive in view of the fact that the garage at Tigerton had always been operated under the name of the Tigerton Auto Company. The plaintiff testified that so far as she knew, the Tigerton Auto Company was the defendant. In any event, the evidence upon this issue in the case, taken in connection with the surrounding circumstances, presented an issue of fact for the jury and there is credible evidence to sustain the verdict.

On the second cause of action, we are of the view that the court's finding that this cause of action was outlawed at the time of the commencement of this action must be sustained. It appears that the damages sought to be recovered resulted from the removal of certain partitions in the garage building during the years 1928 and 1929. Plaintiff knew that these partitions had been removed by the defendant before the expiration of the original lease on April 30, 1931. Whatever cause of action may have accrued by reason of the removal of these partitions, accrued more than six years prior to the commencement of this action. (See sec. 330.19, Stats.)

On the plaintiff's third cause of action, the jury found that the plaintiff sustained damages in the sum of $200 due to the failure of the defendant to leave on the leased premises at the time he vacated same, the articles of personal property included in the lease. This is a simple issue of fact—a question for the jury, and the finding is sustained by the evidence.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on May 20, 1941.